

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,927

### EX PARTE ERIC DEMOND DOUGLAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1122749 IN THE 174TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of possession of cocaine as a habitual felony offender and was sentenced to twenty-five years' imprisonment. The Fourteenth Court of Appeals dismissed his appeal for lack of jurisdiction. *Douglas v. State*, No. 14-08-01177-CR (Tex.App.—Houston [14th Dist.] del. Jan. 29, 2009).

Applicant contends he was denied his right to a direct appeal, and the trial court finds the reason the appellate court lacked jurisdiction was because appellate counsel was not timely appointed even though Applicant timely expressed his desire to appeal. Where there has been a

breakdown in the system, this Court has held due process requires that an applicant be permitted to exercise his statutory right to the appellate proceeding. *Ex parte Riley*, 193 S.W.3d 900 (Tex.Crim.App. 2006); *see also Ex parte Wilson*, 956 S.W.2d 25 (Tex.Crim.App. 1997).

Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 1122749 from the 174th District Court of Harris County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed without prejudice.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 5, 2012
Do not publish